**FIELDTURF, INC. and Fieldturf International, Inc., Plaintiffs–Appellants,**

v.

**SOUTHWEST RECREATIONAL INDUSTRIES, INC., Defendant–Appellee.**

Nos. 04–1088, 04–1089.

United States Court of Appeals, Federal Circuit.

DECIDED: June 3, 2004.

Jonathan S. Franklin, Principal Attorney, Christopher T. Handman, Chanel A. Reedy, of Counsel, Hogan & Hartson, Washington, DC, Arthur S. Beeman, of Counsel, Frost Brown, Louisville, KY, for Plaintiff–Appellant.

P. Douglas Barr, Principal Attorney, Diane M. Carlton, of Counsel, Stoll, Keenon, Lexington, KY, for Defendant–Appellee.

Before NEWMAN, LOURIE, and CLEVENGER, Circuit Judges.

ON MOTION

LOURIE, Circuit Judge.

*ORDER*

FieldTurf, Inc. and FieldTurf International, Inc. (FieldTurf) move for summary vacatur of the district court's order awarding attorney fees. Southwest Recreational Industries, Inc. (Southwest) submits a memorandum regarding "further proceedings" and opposes FieldTurf's motion for summary vacatur. FieldTurf submits a response to the memorandum and replies regarding the motion for summary vacatur. Southwest moves to strike FieldTurf's response. FieldTurf opposes the motion to strike. Southwest replies.

We previously stayed the briefing schedule in these appeals, regarding the district court's award of attorney fees, pending disposition of appeal 03–1167, regarding the merits of the action. In 03–1167, we vacated and remanded the portion of the district court's judgment against FieldTurf on its patent infringement claim. We held that the district court did not have jurisdiction over the patent infringement cause of action because FieldTurf lacked standing to enforce the patent, but expressly did not resolve whether the lack of standing could be cured or whether a dismissal of FieldTurf's patent infringement count should be with or without prejudice. We transferred the remainder of the appeal concerning the other causes of action to the United States Court of Appeals for the Sixth Circuit.

FieldTurf now argues that because we have vacated the district court's judgment concerning the patent infringement claim, the attorney fees award must likewise be vacated. We note that the district court's attorney fees award granted fees based on 35 U.S.C. § 285, regarding fees associated with the patent infringement count, 15

U.S.C. § 1117(a), regarding the Lanham Act count, and on other claims within its inherent power to award fees. Because the district court has not had the opportunity to reconsider the award, if appropriate, in light of our ruling on standing, we deem the best course is to vacate and remand the attorney fee award to the district court for further proceedings.

Accordingly,

IT IS ORDERED THAT:

(1) FieldTurf's motion to summarily vacate and remand is granted. This case is remanded to the United States District Court for the Eastern District of Kentucky for further proceedings.

(2) The motion to strike is denied.

(3) Each side shall bear its own costs.